UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACEY SIVAK,<br><br>    Plaintiff,<br><br>    v.<br><br>MARY M. SCHROEDER, et al.,<br><br>    Defendants. | Case No. 25-cv-00963-AMO (PR)<br>25-cv-01197-AMO (PR)<br>25-cv-01460-AMO (PR)<br>25-cv-01490-AMO (PR)<br>25-cv-04487-AMO (PR)<br>25-cv-04531-AMO (PR)<br><br>**ORDER DISMISSING MULTIPLE CASES WITH PREJUDICE** |

Lacey Sivak, an Idaho state prisoner and frequent litigant, filed the above-captioned actions, representing himself. In some of the above-captioned actions, Sivak challenges previous rulings in his cases before the Idaho Court, the District of Idaho, this District, or the Ninth Circuit. For example, Sivak filed petitions for writ of mandamus seeking to compel certain conduct by federal judges of the United States Court of Appeals for the Ninth Circuit. *See* Case Nos. 25-cv-00963-AMO (PR), Dkt. 1; 25-cv-04487-AMO (PR), Dkt. 1. Sivak seeks relief related to his petitions for a writ of mandamus seeking to compel certain conduct by a prison staff member named Zahida Perea, who is the paralegal at the prison's law library, the Idaho State Correctional Institution Resource Center. *See id.* In other cases, such as Case Nos. 25-cv-01197-AMO (PR), 25-cv-01460-AMO (PR), and 25-cv-04531-AMO (PR), Sivak filed a "Criminal Complaints" against certain judges in the Idaho Court, the District of Idaho, this District, and the Ninth Circuit. *See* Case Nos. 25-cv-01197-AMO (PR), Dkt. 1, 25-cv-01460-AMO (PR), Dkt. 1, and 25-cv-04531-AMO (PR), Dkt. 1. Lastly, in Case No. 25-cv-01490-AMO (PR), Sivak listed no defendant or respondent and instead entitled the filing "Petition for a Federal Question Under 28 U[.]S[.] [§]

1331," which "is based on a known homosexual prisoner moved off the housing unit and to another unit where evening crew kitchen workers lived." *See* Case No. 25-cv-01490-AMO (PR), Dkt. 1 at 11-12. The Court notes that Sivak has an extensive history of filing similar frivolous cases.

In many of the above-captioned actions, Sivak has requested leave to proceed *in forma pauperis* ("IFP"). However, since May 2024, the undersigned has disqualified Sivak from proceeding IFP under 28 U.S.C. § 1915(g) and issued numerous orders dismissing him as a three-striker pursuant to section 1915(g) in more than 400 different cases in the Northern District of California. *See* 28 U.S.C. § 1915(g). A nationwide federal court search on the Public Access To Court Electronic Records or PACER database returns hundreds of results for lawsuits in his name. The Ninth Circuit and the District of Idaho have also previously found him to be a three-striker. *See* Ninth Circuit Case No. 23-35190, Dkt. 8 (June 2, 2023) (citing *Sivak v. Winmill*, No. 1: 02-cv-00353 (D. Idaho Oct. 17, 2002) (dismissed for failure to state claim); *Sivak v. Nye*, No. 21-35760 (9th Cir. Nov. 8, 2021) (dismissed as frivolous); *Sivak v. Duggan*, No. 21-35356 (9th Cir. Jan. 21, 2022) (dismissed as frivolous)). Because Sivak has had at least three cases dismissed that count as "strikes," pursuant to section 1915(g), he may not proceed IFP in any of the above-captioned actions unless he demonstrates that he is "under imminent danger of serious physical injury" at the time he filed the petitions in each action. *See* 28 U.S.C. § 1915(g). The allegations in the above-captioned actions do not show that Sivak was in imminent danger at the time of filing. Therefore, he may not proceed IFP, and any pending motion for leave to proceed IFP is **DENIED**.

Moreover, even if an IFP application were granted, some of his lawsuits against judges would be barred under *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (finding that federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in performance of their duties). To the extent Sivak disagrees with a federal judge's disposition of his applications to proceed IFP, he may appeal to the Ninth Circuit as circumstances warrant. He may not seek review by another judge in the District. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *see also Mullis*, 828 F.2d at 1392-93 (finding that "horizontal appeal" from one district court to another improper and

"district court lacks authority to issue a writ of mandamus to another district court"). In addition, these judges are absolutely immune from civil claims for damages alleged in connection with actions taken in their judicial capacity. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996).

Furthermore, these are not cases in which the undersigned judge's impartiality might be reasonably questioned due to the repetitive and frivolous nature of the filings. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (finding that absent legitimate reasons to recuse himself or herself, a judge has a duty to sit in judgment in all cases assigned to that judge).[1]

Accordingly, the above-captioned actions are **DISMISSED WITH PREJUDICE**.

The Clerk of the Court shall **TERMINATE** all pending motions and close these above-captioned actions. Further, Sivak may not continue submitting documents in these closed cases. Any further motions submitted by Sivak in these closed cases, other than those specifically permitted by law in closed cases, will not be considered by the Court and will be returned to Sivak.

**IT IS SO ORDERED.**

Dated:  June 13, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[1] Sivak previously named the undersigned as a respondent in five cases before the Honorable Judge James Donato. *See* Case Nos. 24-cv-04592-JD (PR), 24-cv-04653-JD (PR), 24-cv-06543-JD (PR), 24-cv-06544-JD (PR), 25-cv-00562-JD (PR). On October 15, 2024, Judge Donato dismissed four cases with prejudice upon finding that "[n]one of the cases plausibly allege[d] a claim of any sort, even when read generously for a pro se litigant." *See* Case No. 24-cv-04592-JD (PR), Dkt. 7 at 2. On May 13, 2025, Judge Donato dismissed the fifth case upon finding that "Judge Martínez-Olguín is immune from civil claims for damages alleged in connection with actions taken in her judicial capacity." *See* Case No. 25-cv-00562-JD (PR), Dkt. 4 at 1 (citing *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996)). On February 5, 2025, the undersigned dismissed twenty-eight similar cases filed by Sivak upon determining not only that the undersigned is immune but also that he "has had at least three cases dismissed that count as "strikes," pursuant to [28 U.S.C. §] 1915(g), [and] he may not proceed IFP in the [those] actions unless he demonstrates that he is "under imminent danger of serious physical injury" at the time he filed the petitions in each action. *See* Case No. 25-cv-00727-AMO (PR), Dkt. 2 at 2. In the above-captioned cases, Sivak does not seek recusal, nor is recusal warranted considering the frivolous nature of the cases.

3